**GALLEON, S.A. (now known as Bacardi & Company, Ltd.) and Bacardi–Martini U.S.A., Inc. (now known as Bacardi USA, Inc.), Appellants,**

v.

**James E. ROGAN, Director of the United States Patent and Trademark Office, Appellee.**

No. 02–1289.

United States Court of Appeals, Federal Circuit.

July 31, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

The Director of the United States Patent and Trademark Office moves to dismiss the appeal filed by Galleon, S.A. and Bacardi–Martini U.S.A., Inc. (Bacardi) for lack of jurisdiction. Bacardi opposes. The Director replies. Additionally, parties that were initially included in this court's official caption object to their inclusion in the official caption.

This case has an unusual history. Havana Club Holding, S.A. and Havana Club, International, S.A. (Havana Club) sued Bacardi in the United States District Court for the Southern District of New York for trademark infringement. Bacardi counterclaimed for cancellation of the mark. At the same time, there was pending before the PTO a cancellation proceeding filed by Bacardi concerning the same trademark. The PTO cancellation proceeding was stayed pending disposition of the court action.

The district court determined that alleged assignments of the trademark to Havana Club, by Empresa Cubana Exportadora De Alimentos Y Productos Varios trading as Cubaexport (Cubaexport), were invalid and void ab initio. The district court stated that "Cubaexport retained whatever rights it had in said mark and the related U.S. Registration as of said date, notwithstanding the invalid transfers." The district court denied Bacardi's request for cancellation because Cubaexport was not a party to the litigation. *Havana Club Holdings, S.A. v. Galleon S.A.,* 974 F.Supp. 302 (S.D.N.Y.1997). The district court informed the PTO of its determination concerning the invalidity of the assignments, pursuant to 15 U.S.C.

§ 1119, but stayed operation of that partial judgment pending appeal. The district court's judgment was affirmed by the United States Court of Appeals of the Second Circuit. *Havana Club Holding, S.A. v. Galleon S.A.,* 203 F.3d 116 (2d Cir.2000), *cert. denied,* 531 U.S. 918, 121 S.Ct. 277, 148 L.Ed.2d 201 (2000).

Thereafter, Bacardi notified the PTO that the stay, pending appeal, of the district court's judgment should be lifted. The PTO issued an order directing the parties to show cause why the records concerning the trademark should not be rectified to reflect the district court's judgment concerning the invalid assignments. After considering the parties' responses, the PTO on January 15, 2002 issued a "Notice" stating that the PTO's records would be rectified to reflect the district court's order. Bacardi filed an appeal from that notice, seeking review in this court.

Our review of decisions concerning trademarks is limited. We have jurisdiction, inter alia, to review decisions of the Trademark Trial and Appeal Board with respect to applications for registration of marks, cancellation proceedings, and opposition proceedings. *See* 15 U.S.C. § 1071; 28 U.S.C. § 1295(a)(4)(B). Bacardi argues that this appeal should be treated as an appeal of a decision in a cancellation proceeding, although the cancellation proceeding initiated by Bacardi is pending. Bacardi asserts that, by issuing the order to show cause, the PTO initiated a cancellation proceeding and, essentially, denied cancellation because the PTO apparently did not rectify its records to satisfy Bacardi. We are not persuaded by this argument.*

Bacardi also argues that the court could treat its appeal as a petition for writ of

mandamus. However, in the papers submitted, Bacardi has shown no entitlement to a writ of mandamus. Bacardi may, of course, appeal from any adverse decision of the TTAB after the TTAB issues a final decision in Bacardi's cancellation proceeding.

Accordingly,

IT IS ORDERED THAT:

(1) The Director's motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) The reformed caption is reflected above.

---

* We express no opinion whether there would be jurisdiction to challenge the notice in a district court pursuant to the Administrative Procedure Act.